NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7273

ELIJAH SHEPPARD,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Elijah Sheppard, of Alexandria, Virginia, pro se.

L. Misha Preheim, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.  Of counsel were David J. Barrans, Deputy Assistant General Counsel, and Tracey P. Warren, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

# United States Court of Appeals for the Federal Circuit

2007-7273

ELIJAH SHEPPARD,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:    November 15, 2007
_____

Before MAYER, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u> and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.

Elijah Sheppard appeals the judgment of the United States Court of Appeals for Veterans Claims, which affirmed the Board of Veterans' Appeals decision denying service connection for his disabilities because his discharge under other than honorable conditions was considered to be under dishonorable conditions for purposes of entitlement to veteran's benefits. <u>Sheppard v. Nicholson</u>, No. 05-2495 (Vet. App. July 5, 2007).

The board found that Sheppard had a history of misconduct and was a "continual troublemaker." The board further determined that at his commander's request, Sheppard was furnished an Undesirable Discharge. The board then held this

constituted willful and persistent misconduct under 38 C.F.R. § 3.12(d)(4), and Sheppard's discharge for this reason is therefore "considered to have been issued under dishonorable conditions" for the purposes of veterans' benefits. The Court of Appeals for Veterans Claims affirmed.

Whether or not conduct constitutes willful and persistent misconduct is a factual determination to which the board correctly applied 38 C.F.R. § 3.12(d). Because we lack authority to review either "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case" absent a constitutional issue, 38 U.S.C. § 7292(d)(2), we <u>dismiss</u> the appeal.